UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**Diego Leonardo TORRES,**<br>  **AKA: David Aurelio FLORES**<br><br>Defendant(s) | Magistrate Case No. 08 MJ 0462<br><br>CLERK, U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA<br><br>BY _____ DEPUTY<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii)<br>Transportation of Illegal<br>Aliens |

The undersigned complainant, being duly sworn, states:

On or about **February 14, 2008**, within the Southern District of California, defendant **Diego Leonardo TORRES** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Mariana GONZALEZ-Perez, Ricardo GUINTO-Gonzalez, and Margarito SEVILLANO-Garcia** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **19th** DAY OF **FEBRUARY 2008.**

_____
William McCurine Jr.
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
**Diego Leonardo TORRES**

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

Furthermore, the complainant states that **Mariana GONZALEZ-Perez, Ricardo GUINTO-Gonzalez,** and **Margarito SEVILLANO-Garcia** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On February 14, 2008, at approximately 11:40 A.M. Senior Patrol Agent S. Bell was working the Interstate-15 corridor near the Mission Road exit and I-15 northbound, in San Diego County. Agent Bell was in full uniform and in a marked Border Patrol Sedan. Agent Bell was parked in the triangle (Gore-point) that separates the Mission Road off ramp, northbound I-15 from the northbound I-15 freeway. The northbound I-15 is a documented smuggling route for alien smugglers transiting their illicit cargo to Los Angeles, California and points north and east. At this time it was raining and the I-15 Checkpoint was not operational. This increases smuggling activity in the area. Agent Bell observed a black 2001 GMC Yukon, pass by his unit with blacked out glass. Due to the rain and black glass, he could not see in the vehicle from his vantage point and pulled out for a better look. In his experience, alien smugglers will often smuggle in a vehicle with tinted windows to hide the persons hidden inside. Smugglers also to use larger vehicles, like sport utilities, because these vehicles have heavy duty suspensions. The heavy duty suspension allows them to hide their illicit cargo without the vehicle sagging unduly.

Agent Bell ran the plate on the Yukon. The vehicle was registered out of Atwater, California, a town far to the north near Fresno, California. Agent Bell pulled alongside the Yukon on the passenger's side. Two persons were visible. The passenger, a female in a pink hooded sweater, saw him pull alongside and looked quickly away. Agent Bell has seen this same reaction many times in the past when he's encountered a smuggling vehicle. The driver also quickly glanced over in Agent Bell's direction. Agent Bell dropped back and pulled up by the driver's side. This time the driver would not look over at him, even when he drove directly alongside and just ahead slightly. In Agent Bell's experience, when anyone has a vehicle pull alongside, and pace their own vehicle, they will look over to see who is pacing them and why. Due to all the aforementioned facts Agent Bell decided to stop the Yukon and perform an immigration inspection near the I-15 checkpoint. Agent Bell activated his emergency equipment to stop the vehicle. The driver pulled over just north of the checkpoint, near the entrance from the truck scales onto I-15 northbound. As Agent Bell got out of his vehicle, the Yukon suddenly accelerated and entered the I-15 freeway again.

Smuggling Interdiction Group Agents N. Gonzalez and J. Hays were working in the area north of the immigration stop and heard the radio traffic. Agents Hays and Gonzalez responded to the area and were able to find the Yukon around the I-15 northbound and Rancho California Road overpass. Agents Hays and Gonzalez followed the Yukon at a distance until other Smuggling Interdiction Group members could position themselves to survey and stop it. The Yukon continued north on the Interstate 15 at a high rate of speed. The Yukon would slow down and then speed up weaving in and out of traffic lanes. Agents Hays and Gonzalez were able to maintain surveillance.

As the Yukon continued northbound it moved from lane to lane as if doing counter surveillance ending up in the number two lane of traffic. The Yukon made a quick and sudden exit at the Murrieta Hot Springs off-ramp, crossing from the number two lane of traffic, cutting motorists off, driving through the gore-point, exiting, and then turning north on Murrieta Hot Springs Road. It sped on up on Murrieta Hot Springs Road and made a U-turn at the Jackson Street turn-out, returning to the I-15 Freeway northbound and reentering it.

The Yukon continued northbound on the I-15 Freeway. The SIG agents continued to maintain surveillance. The Yukon exited several times. Around Temescal Canyon Road the traffic became congested due to construction. Fearing the Yukon would notice the SIG agents approaching, the SIG agents moved up slowly in traffic to position themselves to deploy a Controlled Tire Deflation Device. Eventually they were able to get ahead of the Yukon, staying in the number three lane of traffic. The Yukon was in the number two lane of traffic. The traffic came to a stop north of the Weirick Road exit. Agent Hays exited his vehicle and successfully deployed the CTDD, placing it under the right rear tire. The SIG agents engaged their emergency equipment in an attempt to stop the Yukon.

The Yukon sped up towards the right shoulder and drove on it at a high rate of speed, through the construction zone. The SIG agents followed, waiting for the Yukon to stop. The Yukon continued to drive on the right shoulder, weaving in and out of traffic lanes for approximately two miles. Eventually the Yukon was unable to continue driving. The agents were able to stop it north of the Cajalco Road/I-15 on-ramp and secure the vehicle and the occupants.

There were a total of eight people in the Yukon; three women and five men. At approximately 12:30 P.M. Agent Nicolas Gonzalez arrested the driver, later identified as the defendant **Diego Leonardo TORRES, AKA: David Aurelio FLORES**. Supervisory Border Patrol Agent's A. Velez and M. Gonzalez approached the vehicle and observed numerous bodies lying down side by side with a black sheet covering their bodies. Supervisor's Velez and Gonzalez identified themselves as Border Patrol Agents to the occupants of the vehicle and questioned them as to their citizenship. The occupants individually stated that they were citizens and nationals of Mexico. The subjects were asked if they had any immigration documents. Each separately stated that they did not and that they were in the United States illegally. The occupants were placed into Service custody for not being illegally present in the United States. They were transported to the Murrieta Station for processing and further investigation.

## MATERIAL WITNESSES STATEMENTS:

Material Witnesses **Mariana GONZALEZ-Perez, Ricardo GUINTO-Gonzalez, and Margarito SEVILLANO-Garcia** stated that they are citizens and nationals of Mexico illegally present in the United States. They stated that they did not have any immigration documents allowing them to be in the United States legally. They stated that arrangements had been made in Mexico to be smuggled into the United States. Mariana GONZALEZ-Perez was to pay $9500.00 for her and her husband to be smuggled to Santa Barbara, California. Ricardo GUINTO-Gonzalez' family was to pay an unknown amount to TORRES upon GUINTO's arrival at Santa Barbara, California. Margarito SEVILLANO-Garcia was to pay $2800.00 to TORRES upon his arrival in Los Angeles, California. When shown a photographic lineup, all material witnesses identified Diego Leonardo TORRES as the driver of the Yukon.

**Executed on February 16, 2008, at 9:00 a.m.**

Carlos R. Chavez
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 3 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **February 14, 2008** in violation of Title 8, United States Code, Section 1324.

William McCurine Jr.
United States Magistrate Judge

2/16/08  1153 hrs
Date/Time

3